UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**BREANNA E. COREY,**

    **Plaintiff,**

    v.                                                 Civil Action 2:18-cv-1219
                                                          Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**


## OPINION AND ORDER

Plaintiff, Breanna E. Corey ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 15), Plaintiff's Reply Memorandum (ECF No. 16), and the administrative record (ECF No. 9). For the reasons that follow, the Court **REVERSES** the Commissioner of Social Security's non-disability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Opinion and Order.

### I.     BACKGROUND

Plaintiff filed her application for Title II Social Security Benefits on October 19, 2015, alleging that she had been disabled since January 1, 2008. (R. 168.) On January 1, 2018, following administrative denials of Plaintiff's application initially and on reconsideration, a video hearing was held before Administrative Law Judge Kevin Plunkett (the "ALJ"). (*Id.* at

33–67.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Dr. Matthew Sprong (the "VE") also appeared and testified at the hearing. On February 28, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 15–28.) On August 13, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–3.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

## II. THE ALJ'S DECISION

On February 28, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 15–28.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since September 24, 2015, the date Plaintiff applied for Social Security benefits. (*Id.* at 17.) The ALJ found that Plaintiff had the severe impairments of seizure disorder, asthma, bipolar disorder, anxiety disorder, and post-traumatic stress disorder. (*Id.*) He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 18.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds; never work at unprotected heights, with moving mechanical parts, or operate a motor vehicle for commercial purposes; and can have only occasional exposure to dust, fumes, and pulmonary irritants. In terms of the ability to understand, remember, and carry out instructions, the claimant is limited to performing simple and routine tasks. In terms of using judgment and in terms of dealing with changes in the work setting, the claimant is limited to simple work-related decisions. The claimant has the ability to respond to supervisors on a frequent basis, but respond to coworkers or the public on only an occasional basis, and any contact with coworkers or the public should be only superficial in nature.

(*Id.* at 20.)

In assessing Plaintiff's RFC, the ALJ considered the opinion evidence in the record, including the opinion of the state-agency reviewer Robelyn Marlow, Ph.D. Dr. Marlow found that Plaintiff was "limited to superficial encounter[s] with general public as well as coworkers and supervisors," in "[p]referably an isolated work environment," and "limited to low production work in relaxed setting with minimal routine changes." (R. 95–96.) The ALJ assigned "significant" weight to Dr. Marlow's opinion, explaining as follows:

> On May 9, 2016, another State agency non-examining psychological consultant, Robelyn Marlow, Ph.D., opined that the claimant was limited to superficial encounters with the general public, coworkers, and supervisors; as well as low production work in a relaxed setting with minimal routine changes (Ex. 4A). Dr. Marlow's opinions are consistent with the medical evidence of record, particularly Ms. Notestine's notes that the claimant requires some assistance with social norms and is occasionally unclear on social cues (Ex. 3F). It is also consistent with the evidence of improved concentration, memory, and thought content with treatment (Ex. 6F; 17F, p. 1; 20F, p. 14, 20-21). It is also consistent with the claimant's reported activities including performing all personal hygiene activities unassisted, cooking, doing household chores, and caring for her infant daughter (Ex. 6F, Hrg. Testimony). Thus, the undersigned affords Dr. Marlow's opinion significant weight.

(R. 26–27.)

3

At step five of the sequential process, the ALJ, relying on the VE's testimony, found that considering Plaintiff's age, education, past work experience, and RFC, she can perform jobs that exist in significant numbers in the national economy. (*Id.* at 27.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 28.)

In her Statement of Errors (ECF No. 10), Plaintiff raises two contentions of error. First, she contends that the ALJ failed to provide good reasons for discounting the opinion of her treating physician, Dr. Lettvin. Second, Plaintiff asserts that the ALJ's mental RFC is not supported by the record.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an

4

opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV.   ANALYSIS

Plaintiff raises two issues in her Statement of Errors (ECF No. 10.) The Undersigned finds that remand is required as to Plaintiff's second contention of error because the ALJ assigned significant weight to the opinion of state agency reviewer Dr. Robelyn Marlow, yet failed to explain why he declined to include two of Dr. Marlow's opined non-exertional limitations in the RFC or otherwise explain how the RFC he assessed accommodated these limitations.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted). An ALJ must explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *7 (internal footnote omitted).

Despite assigning significant weight to Dr. Marlow's opinion, the ALJ failed to adequately explain why he omitted two of Dr. Marlow's opined limitations. (R. 26–27). First, although the ALJ restricted Plaintiff to superficial interactions with coworkers and the general public, the ALJ did not follow Dr. Marlow's recommendation that Plaintiff also be limited to superficial interactions with supervisors. (*See* R. 21, 95–96.) Rather, the ALJ limited Plaintiff to only frequent interactions with supervisors. Significantly, limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions. *See Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)). The absence of any explanation requires remand. *See, e.g.*, *Barker v. Astrue*, No. 5:09 CV 1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred by failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no

6

mention of whether and to what extent Plaintiff can interact with co-workers and supervisors"); *Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) ("The ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction."). Second, the ALJ failed to explain why he declined to include Dr. Marlow's recommendation that Plaintiff be limited to "low production work in a relaxed setting."

Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ assigns significant weight to a particular opinion and states it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5

U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the undersigned finds that reversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for "superficial" interactions with supervisors or "low production work in a relaxed work setting" or offer an adequate explanation for why he failed to do so or how the RFC he assessed accommodated those limitations.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

## V. DISPOSITION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The Court therefore **REVERSES** the Commissioner of Social Security's non-disability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Opinion and Order.

**IT IS SO ORDERED.**

                                                /s/ *Chelsey M. Vascura*
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE